# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTHONY FRANCIS BOOK, | Case No. 17-cv-217 (JNE/TNL) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| TOM WATSON, WARDEN FCI SANDSTONE, | |
| Respondent. | |

Anthony Francis Book filed a Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2241 challenging the legality of his detention. ECF No. 1. On February 8, 2017, Book filed a motion to amend his petition. ECF No. 4. The motion included additional arguments supporting the claims in Book's original petition but did not replace the petition. The Court recommends that Book's motion to amend his petition be granted. The Court further recommends that Book's petition (ECF No. 1, as amended by ECF No. 4)[1] be dismissed for lack of subject matter jurisdiction and pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

---

[1] Given Petitioner's pro se status and for purposes of judicial economy, the Court will address ECF Nos. 1 and 4 as one petition for a writ of habeas corpus.

[2] The rules apply to habeas petitions pursuant to § 2241. Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); *Mickelson v. United States*, 2002 WL 31045849 at *2 (D.Minn. 2002), (citing *Bostic v. Carlson*, 884 F.2d 1267, 1270, n.1 (9th Cir. 1988) and *Rothstein v. Pavlick*, 1990 WL 171789 at *3 (N.D.Ill. 1990)).

I.    BACKGROUND

Book was sentenced in the District of Montana to 300 months in prison following his guilty-plea conviction on federal drug charges under 21 U.S.C. § 846 and 851.  *U.S. v. Book*, 372 Fed.Appx. 722 (9th Cir. 2010).  Title 21 U.S.C. § 841(b)(1)(A) establishes a 10-year mandatory minimum term of imprisonment for Book's offense, but "[i]f any person commits a violation of this subparagraph ... after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release…"  Prior to Book's guilty plea, the government provided notice that it would invoke this sentencing enhancement by informing the Court of Book's prior convictions in state court for two felony drug offenses.  *U.S. v. Book*, 2012 WL 380247 *1 (D. Mont. 2012).  Book pled guilty with the understanding that this "mandatory term of life imprisonment" applied.  *Book*, 2012 WL 380247 at *1.

Just prior to sentencing, Book challenged the government's information regarding the prior felonies, arguing that the two convictions should be treated as one (and therefore insufficient to trigger mandatory life imprisonment).  *Book*, 2012 WL 380247 at *1.  The trial court rejected the argument.  *Id*.  Nevertheless, the trial court imposed a 300-month term of imprisonment rather than a life term as Book was deemed to have provided substantial assistance in the investigation or prosecution of another person.  *See Book* 2012 WL 380247 at *1; *see also* U.S.S.G. 5K1.1.  On direct appeal of his sentence, Book contended "that the district court erred by failing to treat his two prior felony drug convictions as a single conviction for purposes of a sentence enhancement under 21 U.S.C. § 841(b)(1)(A), and that his overall sentence [was] substantively unreasonable."  *Book*, 372 Fed.Appx. at 722.  The Ninth Circuit affirmed the sentence and "decline[d] to reach these contentions because Book pleaded guilty pursuant to a

plea agreement in which he knowingly and voluntarily waived his right to appeal the sentence" and that the sentence was "well below the maximum term allowed" and was not so disproportionate as to violate the Eighth Amendment. *Book*, 372 Fed. Appx. at 722.

In 2011, in a motion under 28 U.S.C. § 2255, Book again challenged the correctness of the mandatory life term, arguing once more that the two prior felony drug convictions should have been regarded as a single offense for purposes of § 841(b)(1)(A). *Book*, 2012 WL 380247 at *1. Specifically, Book claimed that (1) he received ineffective assistance of counsel because his lawyer failed to advise him that the plea agreement contained an incorrect mandatory minimum sentence of life imprisonment and because his lawyer failed "to convince the Court to treat his two prior felony drug convictions as a single conviction for purposes of the sentence enhancement under 841(b)(1)(A)" and (2) that "the [sentencing] Court erred when it used a mandatory minimum sentence of life imprisonment as a basis for determining his sentence." *Book*, 2012 WL 380247 at *2. The sentencing court denied the § 2255 motion and denied a certificate of appealability. *Book*, 2012 WL 380247 at *3. As to his ineffective assistance claim, the court concluded that "there was no error in the plea agreement" and counsel had argued that the two prior drug convictions should be treated as a single conviction for purposes of the sentencing enhancement but the court rejected the argument because the "facts simply did not support Book's position." *Id*. at *2. The sentencing court rejected the claim that the mandatory minimum the court used as a basis for Books's sentence was wrong for the same reasons that the ineffective assistance claim was rejected. *Id*. at *3. The sentencing court also noted that Book waived his right to attack collaterally the sentence in his plea agreement, which was previously determined to be knowing and voluntary. *Id*. at *3.

Book is currently a federal prisoner at FCI Sandstone in this District and brings a habeas petition pursuant to 28 U.S.C. § 2241 before this Court.[3]  Book once again argues that the Montana drug offenses that formed the basis for the enhancement of his sentence were improperly applied.  Additionally, Book challenges the sentencing enhancement, but this time argues that the state drug offenses should have been considered misdemeanors.[4]

II.     ANALYSIS

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241."  *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  If a federal prisoner brings his claim in the court of incarceration under § 2241, the Court cannot entertain the petition unless the prisoner first shows "that § 2255 would be inadequate or ineffective."  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005); *see also* 28 U.S.C. § 2255(e) (a habeas petition from a federal prisoner "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention").  The court of incarceration "has subject matter jurisdiction only if the remedies in the sentencing district are inadequate or ineffective."  *Hill*, 349 F.3d at 1090.  The "inadequate or ineffective" language in 2255(e) is sometimes called the "savings clause," *Abdullah*, 392 F.3d at

---

[3] Book initially cited 2255 and 2241 but because he filed the petition with this Court -- the court where he is incarcerated -- the Court construes Book's petition as a habeas petition pursuant to § 2241.

[4] The Court notes that Book attaches documents indicating that the state offenses were felonies with terms of imprisonment of not more than five years.  *See e.g.,* ECF No. 1-1 at 58, 61, 72, 78.

959, because it can save a § 2241 habeas petition from being dismissed.  The prisoner has the burden of establishing that § 2255 is inadequate or ineffective.  *Hill*, 349 F.3d at 1091.

The savings clause provides a very "limited grant of jurisdiction."  *Williams v. Warden*, 713 F.3d 1332, 1340 (11th Cir. 2013).  To establish that § 2255 is inadequate or ineffective in a particular case, "there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959 (citing *Hill*).  Moreover, "§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred."  *Abdullah*, 392 F.3d at 959.  Additionally, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been or actually was raised in the § 2255 motion filed in the sentencing district." *Hill*, 349 F.3d at 1092 (8th Cir. 2003) (citing *U.S. v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000)).  Cases from other circuits have used varying tests indicating that a petitioner must show "at a bare minimum, that [his or] her claims are based on a retroactively applicable Supreme Court decision that has announced a new rule of law, one that was not available at the time of trial, direct appeal, or a first § 2255 motion."  *Kyles v. U.S.*, 2015 WL 1782607 *2 (D.Minn. 2015) (citing *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013); *Reyes-Requena v. U.S.*, 243 F.3d 893, 904 (5th Cir. 2001); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)).

Book offers three arguments for why he should be able to avail himself of the savings clause, but none is convincing.  First, Book claims that he is "actually innocent of being a Career Criminal under 21 U.S.C. § 851 because his prior Montana state convictions were nothing more than misdemeanors."  ECF No. 4 at 1.  Book's "actual innocence" argument, however does not apply because he does not argue that he is actually innocent of the crime for which he was

convicted. Book admitted to possessing methamphetamine with intent to distribute and a term of 300 months may be imposed for any offense under § 841(b)(1)(A). Moreover, "[e]ven if the Eighth Circuit would recognize an 'actual innocence' exception to the exclusivity of § 2255 … that exception would not encompass a claim of *legal* innocence of being a career offender." *Beard v. Wilson*, 2015 WL 627880 * (D.Minn. 2015) (emphasis in original) (citing *U.S. v. Brown*, 456 Fed. Appx. 79, 81 (3d Cir. 2012) and *U.S. v. Lurie*, 207 F.3d 1075, 1077 n.4 (8th Cir. 2002) (claims of actual innocence are rare and only encompass factual not "mere legal" insufficiency)); *Turner v. Fisher*, 2011 WL 5176808 *2 (D. Minn. 2011) (citing cases for conclusion that a claim of actual innocence of a career offender enhancement is not an adequate claim of "actual innocence" to demonstrate that § 2255 remedy is inadequate or ineffective); *Brown v. U.S.*, 2013 WL 1163790 *2 (E.D. Mo. 2013) ("[t]he actual innocence exception does not apply in cases where a defendant simply alleges that he should have received a lesser sentence and does not claim that he is actually innocent of the offense."). *See also Abdullah*, 392 F.3d at n.2 (noting what petitioner would have to show to make an "actual innocence" showing).

Second, Book claims that this Court should entertain his 2241 petition because it "is submitted within the one year statute of limitations from the Supreme Court's ruling in Montgomery v. Louisiana, 136 S.Ct. 718 (Jan. 25th, 2016)." ECF No. 1 at 1. *Montgomery,* 136 S.Ct. 718 (2016), however, is irrelevant to Book's case because he was not a juvenile at the time of the offense. In *Montgomery*, the United States Supreme Court concluded that the holding in *Miller v. Alabama*, 132 S.Ct. 2455 (2012) -- that courts must consider a juvenile's youth before sentencing him to life without parole -- was a new substantive rule of constitutional law that applies retroactively. According to the Bureau of Prisons, Book is 39 years old and was sentenced in 2008. www.bop.gov/inmateloc. Book was not a juvenile when he was sentenced

and he was not sentenced to life without parole.[5]  *Book*, 372 Fed.Appx. at 722; *Book*, 2012 WL 380247 *1.  *Montgomery* is therefore not applicable to Book's claims.

Third, Book repeatedly suggests that his petition is "timely filed" and the statute of limitations is not a bar to his petition under § 2241.  ECF No. 1 at 1; ECF No. 4 at 1.  Notwithstanding Book's argument, his petition must nonetheless be dismissed because this Court cannot entertain his petition at all under § 2241.[6]

Book also cites *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010) and *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013), to support his claim that the sentencing court improperly relied on his prior felony drug cases for the sentencing enhancement because (he alleges) his offenses were actually misdemeanors.  *See* ECF No. 4 at 2, ECF No. 1 at 2, ECF No. 1 at 53-54.  In these cases, the Supreme Court held that certain state convictions could not be considered "aggravated felonies" for purposes of the Immigration and Nationality Act if they were not punishable as a felony under federal law.  *Carachuri-Rosendo*, 560 U.S. at 569-70; *Moncrieffe*, 133 S. Ct. at 1683.  These cases do not apply to Book.[7]  In any event, Book could have made the argument that his prior state drug convictions were misdemeanors at sentencing, on appeal or in a 2255 motion, but he did not.  His failure to present this argument previously forecloses him from making it now as a basis for a § 2241 petition.  *See Hill*, 349 F.3d at 1092 (8th Cir. 2003) (citing *U.S. v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000) ("A prisoner cannot raise, in a § 2241

---

[5] The Court notes that a mandatory minimum term of life applied to Book but the sentencing court granted a downward departure to 300 months in prison.  *See Book*, 2012 WL 380247 at *1.

[6] Book mixes the requirements for filing a second or successive § 2255 motion with the requirements for filing a § 2241 habeas petition.  Book may refer to the timeliness of his petition because he claims that *Montgomery's* retroactivity applies to him but, as previouslydiscussed, *Montgomery* is not relevant to his case.

[7] Unlike these immigration cases, Book's sentence under 21 U.S.C. § 841(b)(1)(A) does not require that a predicate drug offense qualify as a federal felony.  *See U.S. v. Hawkins*, 548 F.3d 1143, 1150 (8th Cir. 2009) ("[t]he term 'felony drug offense' is broadly defined to include . . . offenses 'punishable by imprisonment for more than one year' under any federal *or state law*") (emphasis in original); *cf. Beard v. Wilson*, 2015 WL 2627880 *2 (D. Minn. 2015).

motion filed in the district of incarceration, an issue which could have been or was actually raised in the § 2255 motion filed in the sentencing district.").

The Court notes that, in some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255 and be transferred to the sentencing court so the prisoner's claims can be addressed on the merits there. Here, however, Book is precluded from seeking relief under § 2255 in the sentencing court because he has already sought such relief in the past. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which cannot be entertained by the trial court without prior approval by the Court of Appeals for the Ninth Circuit where Book was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255(h). Without a pre-approval order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see also Boykin v. United States*, 242 F.3d 373 (8th Cir. 2000) (unpublished opinion). It would, therefore, be inappropriate to construe the present habeas corpus petition as a § 2255 motion, and transfer the matter to the Montana court where Book was sentenced. If he wishes, Book may petition the Ninth Circuit for permission to file a second or successive petition.[8]

Because Book has not shown that § 2255 is inadequate or ineffective to test the legality of his detention, this Court lacks jurisdiction to consider his § 2241 petition. Having determined that this action must be dismissed, the Court further recommends that Book's pending application to proceed *in forma pauperis* (ECF No. 3) and pending motion for counsel (ECF No. 2) be denied as moot.

---

[8] The Court notes that there is an appeal pending before the Ninth Circuit in Book's case. *See* Book, 2012 WL 380247 (indicating appeal filed in Ninth Circuit on Feb. 13, 2015).

III.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY

RECOMMENDED that:

1.  Petitioner Book's motion to amend (ECF No. 4) be GRANTED.

2.  Petitioner Book's application for habeas corpus relief under 28 U.S.C. § 2241 (ECF
    No. 1, as amended by ECF No. 4) be DENIED without prejudice for lack of
    jurisdiction.

3.  Petitioner Book's motion for appointment of counsel (ECF No. 2) be DENIED as
    moot.

4.  Petitioner Book's application to proceed *in forma pauperis* (ECF No. 3) be DENIED
    as moot.


Dated:  March  20, 2017                         _s/Tony N. Leung____
                                                TONY N. LEUNG
                                                United States Magistrate Judge


**<u>NOTICE</u>**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District
Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a
magistrate judge's proposed finding and recommendations within 14 days after being served a
copy" of the Report and Recommendation.  A party may respond to those objections within 14
days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses
must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under
advisement for 14 days from the date of its filing.  If timely objections are filed, this Report and
Recommendation will be considered under advisement from the earlier of: (1) 14 days after the
objections are filed; or (2) from the date a timely response is filed.